**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gregory A. Bevel, | ) | No. CIV 12-823-TUC-FRZ (LAB) |
| | ) | |
| Petitioner, | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Charles L. Ryan; et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the court is a petition for writ of habeas corpus filed on November 6, 2012, by Gregory Allen Bevel, an inmate confined in the Arizona State Prison Complex in Florence, Arizona.  (Doc. 1)  Bevel claims sentencing error and ineffective assistance of counsel.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation.  LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.

Summary of the Case

On March 4, 2002, Bevel pleaded guilty pursuant to a plea agreement to sexual conduct with a minor and sexual conduct with a minor under fifteen.  (Doc. 11-1, p. 2)  On April 1,

1   2002, the trial court sentenced Bevel to 25 years' imprisonment followed by lifetime probation.

2   (Doc. 11-1, pp. 13-14)

3        Approximately eight years later on April 19, 2010, Bevel filed notice of post-conviction

4   relief in the trial court. (Doc. 11-1, p. 17)  Appointed counsel was unable to find any colorable

5   claims, so Bevel was given the opportunity to file a petition pro se. (Doc. 11-1, pp. 36-39)  On

6   June 16, 2011, Bevel filed his petition in which he claimed (1) "his plea was not voluntarily and

7   intelligently made because he was not told that he had a right to have a jury determine the truth

8   of any aggravators alleged by the State" and because he suffered from mental delusions,  (2)

9   counsel was ineffective for failing to "assert his client's critical issues" such as "Defendant's

10  mental illness – (PTSD)," and (3) his sentence was disproportionate in violation of *State v.*

11  *Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (2007). (Doc. 11-1, pp. 45-46); (Doc. 11-2, p. 28, n. 2)

12  In its response, the state argued, among other things, that counsel was not ineffective for failing

13  to raise Bevel's mental health issues because the trial court was already appraised of his mental

14  health issues in the pre-sentence report, which discussed his suicidal thoughts after arrest and

15  his history of sexual abuse. (Doc. 11-2, p. 10)  Moreover, the report contains a statement made

16  by Bevel that "he did not feel he needed psychiatric treatment."  (Doc. 11-2, p. 10)

17       The trial court denied the petition on August 17, 2011. (Doc. 11-2, p 27)  The court

18  found most of Bevel's claims precluded as untimely. (Doc. 11-2, p. 29)  His *Blakely* claim was

19  denied on the merits, and his *Gonzalez* claim was denied as not ripe. (Doc. 11-2, pp. 29-30)

20       Bevel filed a motion for reconsideration arguing his mental disorder rendered his plea

21  neither intelligent nor voluntary and requesting a hearing on his competency. (Doc. 11-2, p. 33)

22  The trial court denied the motion summarily. (Doc. 11-2, p. 37)  On February 17, 2012, the

23  Arizona Court of Appeals granted review but denied relief. (Doc. 11-2, p. 51)  The Arizona

24  Supreme Court denied review on July 24, 2012. (Doc. 11-2, p. 59)

25       On November 5, 2012, Bevel filed the pending petition for writ of habeas corpus

26  pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 11)  He argues (1) his sentence violates *Blakely v.*

27  *Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004); (2) trial counsel was ineffective for, among

28  other things, failing "to request that a psychiatric evaluation of the defendant's competency be

1    done at the pre-trial stage of the proceedings"; (3) his sentence was disproportionate; and (4)

2    his sentence of lifetime probation violates *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (2007)

3    because that case changes the sentencing range he would face if he violates his probation. (Doc.

4    1)

5    On March 19, 2013, the respondents filed a limited answer arguing among other things

6    that the petition is time-barred. (Doc. 13)  Bevel filed a reply on April 22, 1013. (Doc. 12)

7

8    Discussion

9    The writ of habeas corpus affords relief to persons in custody in violation of the

10   Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The petition,

11   however, must be filed within the applicable statute of limitations or it will be dismissed.  The

12   statute of limitations reads in pertinent part as follows:

13   (1)    A 1-year period of limitation shall apply to an application for a writ of
            habeas corpus by a person in custody pursuant to the judgment of a State
14          court.  The limitation period shall run from the latest of--

15       (A)    the date on which the judgment became final by the conclusion of
                direct review or the expiration of the time for seeking such review;
16
                               *  *  *
17
         (C)    the date on which the constitutional right asserted was initially
18              recognized by the Supreme Court, if the right has been newly
                recognized by the Supreme Court and made retroactively
19              applicable to cases on collateral review; or

20                             *  *  *
21
     (2)    The time during which a properly filed application for State
22          post-conviction or other collateral review with respect to the pertinent
            judgment or claim is pending shall not be counted toward any period of
23          limitation under this subsection.

24   28 U.S.C. §§ 2244(d)(1) & (d)(2).  The "one-year statute of limitations . . . applies to each claim

25   in a habeas application on an individual basis."  *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th

26   Cir. 2012).

27   The limitation period for all of Bevel's claims was triggered on "the date on which the

28   judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The *Blakely* claim does not trigger a later limitation period pursuant to 28 U.S.C. § 2244(d)(1)(C) because the right recognized in *Blakely* does not apply retroactively.  *Schardt v. Payne*,  414 F.3d 1025, 1038 (9th Cir. 2005).  The *Gonzalez* claim does not trigger a later limitation period pursuant to 28 U.S.C. § 2244(d)(1)(C) because *Gonzalez* is not a Supreme Court case.

The limitation period for all claims is determined by section 2244(d)(1)(A).  Bevel was sentenced on April 1, 2002.  (Doc. 11-1, pp. 13-14)  He had 90 days to file notice of his Rule 32 of-right petition.  Ariz.R.Crim.P. 32.4(a).  When he did not file a timely notice, his judgment became final when the deadline[1] passed – July 1, 2002.  *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007)  ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review.").  The limitation period began running the next day and expired one year later on July 1, 2003.  The pending petition was filed more than nine years later on November 5, 2012.  (Doc. 1, p. 11)  It is time-barred.

The limitation period is subject to equitable tolling "but only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*  351 F.3d 919, 922 (9th Cir. 2003) (internal punctuation omitted).  "Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*,  292 F.3d 1063, 1066 (9th Cir. 2002)  (punctuation modified), *cert. denied,* 537 U.S. 1003 (2002).  In this case, Bevel argues his "mental illness caused him to delay, in filing his petition."  (Doc. 12, p. 7)

In the Ninth Circuit, mental impairment can trigger equitable tolling but only if the impairment is so severe that  the "petitioner was unable rationally or factually to personally understand the need to timely file" or  the "petitioner's mental state rendered him unable

---

[1]  The 90th day, June 30, 2002, is a Sunday, so the deadline expired the next day, July 1, 2002. Ariz.R.Crim.P. 1.3.

1    personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092,

2    1099-1100 (9th Cir. 2010).

3            Here, however, the trial court found Bevel mentally competent to enter his plea of guilty.

4    (Doc. 11-1, p. 2)  And over the years, various state courts rejected Bevel's claim that he suffered

5    from a mental disorder of sufficient severity that his plea was not made voluntarily and

6    intelligently.  These factual findings as to Bevel's mental condition are presumed to be correct

7    absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Bevel, however,

8    offers no evidence establishing the severity of his alleged mental impairment aside from his own

9    unsupported statements. (Doc. 12) Bevel therefore is not entitled to equitable tolling. *See, e.g.,*

10   *Fisher v. Gibson,*  262 F.3d 1135, 1144 (10th Cir. 2001)  (The defendant's alleged mental

11   impairment did not justify equitable tolling in part because "the state trial judges made their own

12   observations of [the defendant's] competence to enter his pleas of guilty . . . ."), *cert. denied*,

13   535 U.S. 1034 (2002);  *Cadmus v. Pennsylvania*,  2013 WL 3524700, 3 (M.D.Pa.2013)

14   (rejecting argument that mental impairment justified equitable tolling).

15

16           <u>RECOMMENDATION</u>

17           The Magistrate Judge recommends that the District Court, after its independent review

18   of the record, enter an order Dismissing the petition for writ of habeas corpus.  (Doc. 1)  It is

19   time-barred.

20           Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

21   14 days of being served with a copy of this report and recommendation.  If objections are not

22   timely filed, they may be deemed waived.

23           The Clerk is directed to send a copy of this report and recommendation to the petitioner

24   and the respondents.

25           DATED this 10th day of April, 2014.

26                                           *Leslie A. Bowman*

27                                           Leslie A. Bowman
                                             United States Magistrate Judge
28